IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PHILLIP H. GRULE,

        Petitioner,        Civil No. 08-240-HO

v.        ORDER

BRIAN BELLEQUE,

        Respondent.

HOGAN, District Judge.

    Petitioner is in the custody of the Oregon Department of Corrections pursuant to Judgments dated January 3, 1989, and January 5, 1989, from Multnomah County Circuit Court cases Nos. 88-01-30037 and 88-11-37606 after convictions for one count of Murder, one count of Solicitation to Commit Murder and one count of Conspiring to Commit Murder. Exhibits to

1 - ORDER

Answer (#11), Exhibit 101. After a jury convicted petitioner of the above referenced crimes, the trial court imposed a life sentence, with a 20-year minimum, and two consecutive 20-year sentences of imprisonment, totaling life imprisonment with a minimum of 0 years. Id.

Petitioner directly appealed his convictions, but the Oregon Court of Appeals affirmed without opinion. Petition sought review from the Oregon Supreme Court and was, ultimately, denied review. See, Exhibits to Answer (#11), Exhibits 103 - 104.

Petitioner filed a petition for post-conviction relief in the Marion County Circuit Court, but the court denied relief, Exhibit 105, and the Oregon Court of Appeals affirmed without opinion. Exhibits to Answer (#11), Exhibit 106.

Petitioner filed a successive *pro se* petition for post-conviction relief in Marion County Circuit Court Case No. 05C-15978, but the court dismissed the petition. Exhibits to Answer (#11), Exhibit 108. Petitioner appealed and the Oregon Court of Appeals summarily affirmed. The Oregon Supreme Court denied review. See, Exhibits to Answer (#11), Exhibits 109 - 110.

Petitioner filed a petition under 28 U.S.C. § 2254

2 - ORDER

alleging various grounds for relief. Respondent now moves to deny the petition and dismiss this proceeding on the ground that petitioner did not file his federal petition for habeas corpus relief within the statute of limitations provided in 28 U.S.C. § 2244. Response to Habeas Corpus Petition (#9).

The Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA) which became effective on April 14, 1996, amended 28 U.S.C. § 2244 to provide a limitations period for filing a federal habeas corpus petition. Under § 2244(d), a petitioner now has one year from the date a direct appeal is final to file a petition under 28 U.S.C. § 2254. The one year limitations period is tolled during the time a state collateral proceeding is pending. Time elapsed after finality and before collateral filing, and time after the final collateral disposition and before federal filing counts against the year. Nino v. Galaza, 183 F.3d 1003, 1006-7 (9th Cir. 1999).

Any federal habeas petitioner whose direct appeal was final before the effective date of the AEDPA would have until April 24, 1997, to file a federal habeas corpus petition (excluding any time during which a state post-conviction appeal was pending. Calderon v. Central District of

3 - ORDER

California, 112 F.3d 386 (9th Cir. 1997) and Claderon v. Central District of California, 127 .3d 782 (9th Cir. 1997).

Petitioner's criminal conviction was final on August 27, 1990 (Exhibit 104), the date the appellate judgment issued in petitioner's direct appeal, and which is before the effective date of the AEDPA.

Therefore, petitioner had one year from April 24, 1996, excluding any time during which a state post-conviction or other collateral proceeding was pending, to file a federal habeas corpus petition.

Petitioner first state post conviction proceeding was concluded on March 19, 1993, Exhibit 106, before the effective date of the AEDPA. Accordingly that proceeding did not toll the limitations period.

Petitioner filed a successive petition for post conviction relief on June 22, 2005, but the trial court dismissed it on the state's motion. Exhibit 108. The Oregon Court of Appeals summarily affirmed on respondent's motion and the Oregon Supreme Court denied review. The appellate judgment issued on December 5, 2007. Exhibits 109 - 110. However, under Pace v. DiGuglielmo, 125 S.Ct. 1807 (2005) the successive petition for post-conviction relief was not

4 - ORDER

"properly filed" and did not toll the federal limitations period.

Between April 24, 1996, the effective date of the AEDPA, and February 26, 2008, the date petitioner filed the petition in this proceeding, 4,324 days accrued - far exceeding the 365 days available to him to seek federal habeas corpus relief under § 2244(d).

Under some circumstances, the limitations period may be waived under the doctrine of Equitable tolling. Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999). In order to establish entitlement to tolling of the § 2254(d)(1) limitations period, a petitioner must demonstrate that extraordinary circumstances beyond the prisoner's control made it impossible to file the petition on time. Allen v. Lewis, 255 F.3d 798, 799 (9th Cir. 2001); see also, Green v. White, 223 F.3d 1001, 1003 (9th Cir. 2000).

Petitioner has not alleged any extraordinary circumstances that would justify the equitable tolling of the statute of limitations in this case.

Based on the foregoing, petitioner's Petition (#2) is denied on the ground that it was not filed within the one year statute of limitations provided in 28 U.S.C. § 2244(d).

5 - ORDER

Petitioner's Motion for Voluntary Dismissal Without Prejudice (#14) is denied as moot.

This proceeding is dismissed with prejudice.

IT IS SO ORDERED

DATED this 7th day of March, 2009.

*Michael R. Hogan*
Michael R. Hogan
United States District Judge

6 - ORDER